UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | ) |
| | ) |
|    HIEU NGUYEN | )    Case No. 11-15308-BFK |
| | )    Chapter 7 |
|           Debtor | ) |

## MEMORANDUM OPINION

This matter comes before the Court on the Motion of the Debtor, Hieu Nguyen, to avoid the judgment lien of Navy Federal Credit Union (NFCU) (Docket No. 23), pursuant to 11 U.S.C. § 522(f), and the Opposition of NFCU to the Motion (Docket No. 27). For the reasons stated below, the lien will be avoided in its entirety.

### Undisputed Facts

The facts are undisputed. On March 4, 2011, NFCU obtained a judgment against the Debtor in the Circuit Court of Fairfax County in the amount of $52,377. The judgment was docketed in the land records, thereby becoming a lien against the Debtor's property located at 9409 Starlit Ponds Drive, Fairfax, Virginia. The property is encumbered by two deeds of trust in the aggregate amount of $430,839. The property has a fair market value of $360,000. The Debtor filed a voluntary petition under Chapter 13 on July 20, 2011, which was converted to Chapter 7 on August 26, 2011. The Trustee filed a Report of No Distribution (Docket No. 29) on October 6, 2011. The Debtor has moved to avoid the NFCU judgment lien, pursuant to 11 U.S.C. § 522(f). NFCU has filed an Opposition to the Debtor's Motion.

**Discussion**

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K).

Section 522(f)(1)(A) of the Bankruptcy Code provides that a Debtor may avoid a judicial lien (other than a judicial lien that secures a debt for a domestic support obligation) "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled." 11 U.S.C. § 522(f)(1). NFCU's judgment lien is within the ambit of this section. NFCU opposes the avoidance of its lien on the ground that there is no equity in the property, citing *In re Sheaffer*, 159 B.R. 758 (Bankr. E.D. Va. 1993).

In 1994, Congress amended Section 522 of the Code by adding what is now Section 522(f)(2). The amendment effectively supersedes *In re Sheaffer* and other cases that held that a Debtor was required to have equity in property in order to take advantage of Section 522(f)'s avoidance provisions. The legislative history makes this clear:

> The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzalez,* 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted Section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

H.R. Rep. No. 103-835, at 52-54 (1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3361-62.

Moreover, the cases since the 1994 amendments are uniform in holding that a Debtor need not have equity in property in order to take advantage of the lien avoidance provisions of

Section 522(f). *See, e.g.*, *Brinley v. LPP Mortg., Ltd. (In re Brinley)*, 403 F.3d 415 (6th Cir. 2005) (allowing partial avoidance of a judgment lien where the debtor had no equity in the property); *In re Jerew*, 415 B.R. 303, 308 (Bankr. N.D. Ohio 2009) (indicating that "the 1994 amendment to § 522(f), by adding the formula set forth in § 522(f)(2)(A), eliminated the need for a debtor to demonstrate the existence of equity in their property in order to avoid the fixing of a judicial lien"); *Thigpen v. Cadle Co. (In re Thigpen)*, 374 B.R. 374, 377 (Bankr. S.D. Ga. 2007) (holding that "[a]lthough the Debtors had no equity in the Property when they filed their Chapter 7 case, they met the standard of an impaired exemption under Section 522(f)(2)").

Furthermore, in *Botkin v. DuPont Community Credit Union (In re Botkin)*, 650 F.3d 396, 400 (4th Cir. 2011), the Fourth Circuit held that a Debtor need not actually have claimed the exemption in order to avoid a lien under Section 522(f), relying principally on the language "the amount of the exemption that the debtor *could claim* if there were no liens on the property" in Section 522(f)(2). While not dispositive of the issue now before the Court, it is worth noting that in *Botkin*, the property had a market value of $22,500, with a deed of trust lien in the amount of $24,124, which is to say, there was no equity in the property in *Botkin,* either. Consequently, the debtor will not be precluded from avoiding NCFU's lien due to the absence of equity in the property.

The question then becomes: what does this mean for the Debtor? More specifically, is the lien avoidance a complete avoidance, or is it a partial lien avoidance? The answer to this question will determine which party is entitled to take advantage of any future appreciation in the property, the Debtor or the judgment lien creditor. If the lien is only partially avoided, then the Debtor as a practical matter will not be able to refinance or sell the property in a consensual sale without NFCU's consent. If it is a completely avoided, then the lien is no longer of any force or

effect as an encumbrance against the property. The answer lies in the application of the mathematical formula enacted in Section 522(f)(2) as a result of the 1994 amendments. *Botkin*, 650 F.3d at 400 ("Congress amended § 522, to add subsection f(2), providing the aforementioned mathematical formula under which courts can determine whether the judicial lien at issue actually impairs the relevant exemption. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, 4132 § 303 (1994)."). *See also In re Scannell*, 2011 BNH 9 (Bankr. D.N.H. 2011); *In re Jerew*, 415 B.R. 303, 310 (Bankr. N.D. Ohio 2009); *In re Gilmer*, 416 B.R. 187 (Bankr. M.D.N.C. 2009) (all applying the mathematical formula).

In this case, the lien is avoided in its entirety, owing the application of the mathematical formula, as follows:

| | | |
|---|---|---|
| (a) | Wells Fargo Liens | $430,839.00 |
| (b) | Debtor's Allowable Exemption | 5,000.00 |
| (c) | NFCU Judgment Lien | 52,377.00 |
| | TOTAL of (a) – (c) | $488,216.00 |
| | Minus Value of the Property | ($360,000.00) |
| | Amount by Which Exemption is Impaired | $128,216.00 |

Because the amount by which the exemption is impaired under the mathematical formula exceeds the amount of the NFCU judgment lien, the judgment lien is avoided in its entirety pursuant to 11 U.S.C. § 522(f)(1)(A) and (2).

## Conclusion

For the foregoing reasons, the NFCU judgment lien will be avoided in its entirety, pursuant to 11 U.S.C. § 522(f)(1)(A) and (2). A separate Order will be entered.


Date: _____          _____
                                      Brian F. Kenney
                                      United States Bankruptcy Judge



Copies to:

Hieu Nguyen
9409 Starlit Ponds Drive
Fairfax, VA 22032
Debtor

Gregory H. Counts, Esquire
Tyler, Bartl, Ramsdell & Counts, PLC
300 North Washington St. Suite 202
Alexandria, VA 22314-4252
Counsel for the debtor

Kevin S. Jaros, Esquire
Busman & Busman, P.C.
P.O. Box 7514
Fairfax Station, Virginia 22039
Counsel for Navy Federal Credit Union

H. Jason Gold, Esquire
Wiley Rein LLP
7925 Jones Branch Drive
Suite 6200
McLean, VA 22102
Chapter 7 trustee